**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **DEJUAN BROWN,** | ) | **CASE NO. 1:14CR58** |
| | ) | **1:15CV1937** |
| | ) | |
| **Petitioner,** | ) | **JUDGE JOHN R. ADAMS** |
| | ) | |
| v. | ) | |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | **ORDER AND JUDGMENT ENTRY** |
| | ) | |
| **Respondent.** | ) | |
| | ) | |

The instant matter is before the Court upon Petitioner's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed pursuant to 28 U.S.C. § 2255. Doc. 87. Petitioner has also sought to amend his petition. Doc. 122-1. The motion to amend is GRANTED. The petition is DENIED.

"To prevail under 28 U.S.C. § 2255, a defendant must show a 'fundamental defect' in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994). A federal district court may grant relief to a prisoner in custody only if the petitioner can "demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003).

In his initial petition, Petitioner raised four grounds for relief. The first three grounds all reference some form of civil or commercial law. None of the arguments touch on criminal law in

any manner, and none of the arguments can be read to even suggest some form of error in this criminal matter. As such, those grounds for relief lack merit.

In his fourth ground for relief, Petitioner contends that he should not have been found guilty of his brandishing offense. Petitioner offers no argument in support of this ground for relief. Moreover, as Petitioner pled guilty to the offense, the Court cannot find any reasonable construction of Petitioner's motion that supports an argument for relief. The fourth ground for relief lacks merit.

In his motion to amend, Petitioner contends that he was sentenced under a Guideline provision that reads identically to a statutory provision ruled unconstitutional by the Supreme Court. The Supreme Court has resolved this issue:

> This Court held in *Johnson v. United States*, 576 U.S. ——, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), that the identically worded residual clause in the Armed Career Criminal Act of 1984 (ACCA), 18 U.S.C. § 924(e)(2)(B), was unconstitutionally vague. Petitioner contends that the Guidelines' residual clause is also void for vagueness. Because we hold that the advisory Guidelines are not subject to vagueness challenges under the Due Process Clause, we reject petitioner's argument.

*Beckles v. United States*, 137 S. Ct. 886, 890 (2017). Accordingly, this Court similarly rejects Petitioner's argument that the Guideline used to calculate his sentence is unconstitutionally vague.

## III. CONCLUSION

For the foregoing reasons, Petitioner Dejuan Brown's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody is hereby **DENIED.**

Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED.**

Dated: April 19, 2017 /**s/** *John R. Adams*
**JOHN R. ADAMS**
**UNITED STATES DISTRICT JUDGE**